IN THE

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

United States Courts
Southern District of Texas
FILED

JAN 3 0 2012

David J. Bradley, Clerk of Court

VERONICA L. DAVIS

VS.                                    Civil Action No.    **12-287**

TOYOTA MOTOR CREDIT aka
TOYOTA FINANCIAL SERVICES
COUNTRY WIDE ASSET AND AUTO RECOVERY

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE COURT:**

   **COMES NOW, VERONICA L. DAVIS, PLAINTIFF**, in the above entitled and numbered cause and would show the court as follows:

   1. Plaintiff is an individual residing in Brazoria County, Texas.

   2. Defendant, Toyota Motor Credit and Toyota Financial Service are corporations duly organized and existing under and by virtue of the laws of the State of California, having its principal place of business at 19001 South Western Avenue NF24, Torrance, California, 90509.

   Country Wide Asset and Auto Recovery is a domestic limited partnership organized and existing under the laws of the State of Maryland having its principal place of business at 38 Worthington Access, Maryland Heights, Missouri 63043.

   3. The amount in controversy exceeds the jurisdictional amount of $75,000.00.

   4. The court has jurisdiction of the subject matter of this cause by virtue of 28 U.S.C § 1332 in that the Plaintiff and Defendant are citizens of different states, with Plaintiff being a citizen of Texas and Toyota Motor Credit being a citizen of California. Toyota Motor Credit is hereinafter referred to as TMC and Toyota Financial Services is hereinafter referred to as TFS.

   5. C.T.Corp System is the duly authorized agent for service and may be served with

service of process at 350 N. St. Paul St. Ste. 2900, Dallas, Texas 75201-4234.

William R. Cawley is the authorized agent for Countrywide Asset and Auto Recovery and may be served with service of process at 17330 Preston Rd. Suite 250B, Dallas, Texas 75252.

6. On or about July 28, 2007, Plaintiff entered into a contract for the purchase of a 2007 Toyota Camry bearing VIN # 4T4BE46K97R002862.

7. On or about December 30, 2010, Plaintiff was injured in an automobile accident in the same 2007 Toyota Camry.

8. At the time of the accident, the payoff on said car was approximately $9000.00

9. Damage to the vehicle were in excess of $8200.00 and the car should have been totaled. Gulf Coast Toyota assured Plaintiff's insured that they could repair the car to specifications, without said car being totaled. An amount of approximately $150.00 existed between Total Loss and what Toyota indicated it could repair the car for.

10. The vehicle which is the basis of this suit has not performed or driven properly since that time. As a result thereof, Plaintiff keeps driving to a minimum and does not travel far or often, as the entire front end shakes when one brakes. The repairs performed were not made in a good and workmanship like manner. The repairs made were violative of the assertions made pursuant to the **Texas Business and Commerce Code** §17.46(b) :

    5) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he does not;

    (6) representing that goods are original or new if they are deteriorated, reconditioned, reclaimed, used, or secondhand;

    (22) representing that work or services have been performed on, or parts replaced in, goods when the work or services were not performed or the parts replaced

11. Due to injuries from said accident, Plaintiff has been unable to engage in substantial and sustained work. In fact, Plaintiff needs surgery.

11. On or about December 19, 2011, Plaintiff entered into an extension agreement with Toyota Financial Service.

12. Toyota sent back notice that the document could not be modified and sent another for signature. Plaintiff sent same back by fax on December 29, 2011. This extension agreement would move a payment to the end of the contract term, thereby removing the late status of a payment or eradicating a default in payment.

13. Additionally, Plaintiff had sent in a request to TFS to remove the late payment status from her account, so that any negative reports could be removed from her credit file, so that she could trade it in or sell it.

14. Plaintiff then made a payment to TFS on January 06, 2012.

15. In spite of the extension agreement and the payment made on January 06, 2012, Country Wide Asset and Auto Recovery appeared at the home of Plaintiff, trespassed on private property and removed the vehicle which is the subject of this suit.

16. Plaintiff advised that there had been a mistake due to the extension agreement and the payment made and asked the driver to allow her to call Toyota. The driver was belligerent and told her he was taking the car anyway. Plaintiff then demanded that he not take the vehicle and that repossession was in all things wrongful, however, he proceeded to load the vehicle, while Plaintiff was taking items out of the trunk. By virtue of being at the trunk, Plaintiff ended up on the lift/dolly where she could have been seriously injured, however, the Defendant, Country Wide refused to stop. Plaintiff asserts a breach of the peace in violation of **Texas Business & Commerce Code** §9.609.

17. Moreover, Defendant, Country-Wide failed and refused to permit Plaintiff to see the repossession order or provide a car with its name and address on it as demanded so that she would know where her vehicle was being taken or how to recover same.

18. Upon learning of the location of the vehicle, Plaintiff called Country Wide to obtain their address and location to retrieve her items from the car on January 17, 2012. Defendant failed and refused to provide that information and advised Plaintiff that she could not have her items out of the car without payment of $30.00 cash and without an appointment. On a second call on the same date, a person identified as Juanita, Plaintiff asked Defendant to identify the law which allowed removal of her items and payment to retain same.

19. Plaintiff would show that the actions outlined above constitute conversion.

20. At all times relevant herein, Plaintiff has repeatedly contacted Toyota Financial Services and Toyota Motor Credit, making demands for the return of her car and providing documentary evidence in support of her position that the car was wrongfully repossessed.

21. Plaintiff would show that in the past, TMC and/or TFS has accepted each request for extension of credit, without further communication that the extension form has been accepted.

22. Moreover, contrary to the assertions of Defendants, TMC or TFS, a pattern and practice existed where Defendant allowed extensions upon request and more than one month has been allowed. Moreover, a pattern and practice has existed where default was not taken for late payments when an extension or payment arrangements had been sought.

23. Plaintiff would show that failure to disclose that Defendant failed to honor the extension agreement and payment constitutes a violation of the Texas Business & Commerce Code §17.46 (b)

(24) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed;

(20) representing that a guarantee or warranty confers or involves rights or remedies which it does not have or involve, provided, however, that nothing in this subchapter shall be construed to expand the implied warranty of merchantability as defined in Sections 2.314 through 2.318 and Sections 2A.212 through 2A.216 to involve obligations in excess of those which are appropriate to the goods.

24. The actions of the Defendants were producing causes of economic hardship to Plaintiff. As a result of the unconscionable conduct of the Defendants, Plaintiff has lost the following benefits or suffered the following harm:

   A) An inability to get around or handle or transact any business, including but not limited to hiring a firm to represent her in this matter;

- B) Rental car fees in the approximate amount of $90.00 to date, along with other fees incurred in borrowing/ renting from a private source with fees incurred to date of approximately $250.00.

- C) Illness of Plaintiff's son, due to having to walk in inclement weather. Plaintiff's son has also suffered a decline in his grades due to the stress of the incidents which has occurred, coupled with having to walk.

- D) The inability to pursue Plaintiff's claims of damage to the vehicle due to same having been removed, which resulted in economic damage in the approximate amount of $12,335.00- the value placed on the vehicle when wrecked.

- E) The inability to trade in the vehicle to get a new one so that the no default would occur in the contract;

- F) The inability to pursue Plaintiff's claim for disability so that payments would be made to TMC or TFS by the disability carrier on the purchase contract. Plaintiff estimates that 5 payments would have been made on the vehicle in the approximate amount of $2312.20.

- G) The abject humiliation, mental pain, and suffering which Plaintiff has had to endure which Plaintiff estimates to be about $50,000.00.

- H) Loss of reputation which Plaintiff values at $1,000,000.00

25. Plaintiff would show that pursuant to the Texas Business & Commerce Code §17.50 :

A consumer may maintain an action where any of the following constitute a producing cause of economic damages or damages for mental anguish:

(1) the use or employment by any person of a false, misleading, or deceptive act or practice that is:

(A) specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this subchapter; and

(B) relied on by a consumer to the consumer's detriment;

(2) breach of an express or implied warranty;

(3) any unconscionable action or course of action by any person

Therefore, Plaintiff is entitled to treble damages.

26. Plaintiff further brings a breach of contract action for the repossession of her car, in that she had performed substantial compliance or so through action, had so modified the terms of the contract that she was not the breaching party, but rather Defendant was.

26. Plaintiff further brings an action for the following violations:

   a)   **Texas Finance Code** § 348.411-412; 348.407
   b)   **Texas Business & Commerce Code** §§9.612 and 9.614; 9.203; 9.609
   c)   The **Consumer Protection Act** at 15 U.S.C. § 1601 et seq

   **Texas Finance Code** §345.355 PROHIBITION ON CERTAIN ACTS OF REPOSSESSION. A retail installment contract or retail charge agreement may not:(1) authorize the holder or a person acting on the holder's behalf to:

   (A) enter the retail buyer's premises unlawfully; or

   (B) commit a breach of the peace in the repossession of goods; or

   (2) provide for the retail buyer to execute a power of attorney appointing, as the buyer's agent in the repossession of goods, the holder or a person acting on the holder's behalf.

27. Plaintiff seeks treble damages pursuant to the Texas Finance Code § 349.003 and the Texas Business and Commerce Code §17.50.

28. Moreover, Plaintiff has lost the benefit of the contents of the car. Specifically, one of the items contained in the car were fundraising items for another organization. That organization has lost the ability to sell those tickets contained in the car, which have resulted in an approximate loss to that organization of $400.00.

28. By reason of the foregoing, Plaintiff has been damaged to the extent that Defendant has asserted dominion and control over and converted to its own use and benefit the 2007 Camry which is the object of this suit, and unless Defendants are restrained and enjoined from asserting dominion and control over the vehicle and its contents, Plaintiff will suffer grave and irreparable injury.

28. Plaintiff is informed and believes that the Defendants will sell or is about to sell the 2007 Camry, notwithstanding that it is the property of Plaintiff.

29. Immediate and irreparable injury, loss, or damage will result to the Plaintiff if the vehicle is sold. An affidavit supporting injunctive relief and/or TRO is attached

as Exhibit A.

30. Moreover, the vehicle which is the subject of this suit is the subject of a pending property damage matter with Plaintiff's insurance company, as it relates to the accident referenced on December 30, 2010. If this car is sold, spoliation will occur and Plaintiff will be deprived of a critical piece of evidence necessary to resolving the damage issues in connection therewith.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff demands judgment against Defendant:

1. Determining that Plaintiff is the owner of the 2007 Toyota Camry which is the subject of this suit and entitled to immediate possession thereof;

2. Enjoining and restraining Defendants, its officers, agents, servants, employees, representatives, and assigns temporarily and permanently during the pendency of this action from selling or otherwise disposing of, or causing or permitting the sale or disposition of, or in any manner exercising dominion or control over, said 2007 Toyota Camry, and the contents thereof at the time of its removal from Plaintiff's home.

3. Requiring Defendants to account to Plaintiff for all proceeds derived by Defendant from the sale or disposition of the 2007 if sold in violation of any orders of this court or if sold in general;

4. Ordering and requiring Defendants to identify and segregate the personal belongings of Plaintiff from the vehicle which is the object of this and return same to Plaintiff immediately, without costs and to exercise due care to ensure that none of the property is damaged or lost;

5. For all damages suffered by Plaintiff as result of the wrongful acts of Defendant with respect to such violation of the right, title, or interest of the Plaintiff therein and thereto;

6. Orders necessary to restore Plaintiff any money or property, real or personal which may have been acquired in connection with this wrongful repossession.

7. For costs of this action;

8. For such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

Veronica L. Davis
Plaintiff Pro Se
226 N. Mattson
West Columbia, Texas 77486
(979) 345-2953

_____
VERONICA L. DAVIS

## VERIFICATION

**STATE OF TEXAS**

**COUNTY OF BRAZORIA**

BEFORE ME, the undersigned Notary Public, on this day personally appeared Veronica L. Davis, who being by me duly sworn deposed on her oath and said that she the Plaintiff in the above entitled and numbered cause; that she has read the above and foregoing Original Complaint and Petition for Injunctive Relief; and that the statements contained therein are within her personal knowledge and are true and correct.

_____
Veronica L. Davis

SUBSCRIBED AND SWORN TO BEFORE ME, a Notary Public, in and for the State of Texas, to certify my hand and seal of office on this the 27th day of January, 2012.

_____
Notary Public in and for the State of Texas



CORINNE ROGERS HARRIS
NOTARY PUBLIC
STATE OF TEXAS
MY COMM. EXP. 9/21/15