IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

VERONICA L. DAVIS,                    §
                                      §
        Plaintiff,                    §
                                      §
v.                                    §      CIVIL ACTION NO. H-12-00287
                                      §
TOYOTA MOTOR CREDIT,                  §
COUNTRY WIDE ASSET AND AUTO           §
AUTO RECOVERY,                        §
                                      §
        Defendant.                    §

<u>**MEMORANDUM, RECOMMENDATION, AND ORDER**</u>

Pending before the court[1] are Defendant's Motion for Summary Judgment on Plaintiff's Breach of the Peace Claim (Doc. 97), Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 98), Plaintiff's Motion to Stay Proceedings and Objection to the Recommendation of the Magistrate Judge (Doc. 90), Plaintiff's Motion for Entry of Final Judgment (Doc. 100), Plaintiff's Motion to Strike Defendant's Motion to Dismiss and Motion for Summary Judgment (Doc. 101), Plaintiff's Motion for Sanctions (Doc. 102), and Plaintiff's Motion to Transfer and Request for Grant of Interlocutory Appeal (Doc. 108). The court has considered the motions, the responses, all relevant filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's requests for an interlocutory appeal and final judgment be **DENIED**, **DENIES** the remainder of Plaintiff's

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A)and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. Doc. 52.

motions, and **RECOMMENDS** that Defendant's motions be **DENIED**.

## I. Case Background[2]

Plaintiff filed suit in federal court against Toyota Motor Credit a/k/a Toyota Financial Services ("Defendant") and Country Wide Asset and Auto Recovery ("CWAAR") for claims of conversion, breach of contract, breach of the peace, and violations of the Texas Deceptive Trade Practices Act ("DTPA").[3]

## A. Factual Background

On July 28, 2007, Plaintiff and Defendant entered into a Motor Vehicle Retail Installment Sales Contract ("Loan Agreement") wherein Plaintiff agreed to pay sixty monthly installments of $462.44 starting on September 6, 2007.[4]  A document dated on the same day also guaranteed title of Plaintiff's 2007 Toyota Camry ("Vehicle") with a lien in favor of Defendant.[5]

On November 4, 2011, Plaintiff called Defendant and requested extensions for the November 2011 and December 2011 payments.[6]

---

[2]    Much of this section is taken directly from the memorandum and recommendation previously issued by the court in this case.  See Doc. 81, Mem. & Recommendation Dated Aug. 14, 2013.

[3]    See Tex. Bus. & Com. Code. §§ 17.46, 17.50.

[4]    See Doc. 40-1, Ex. 2 to Def.'s Mot. for Summ. J., Sales Contract p. 1; Doc. 68-4, Ex. D to Def.'s Resp. to Pl.'s Mot. for Summ. J., Sales Contract p. 1.

[5]    See Doc. 68-5, Ex. E to Def.'s Resp. to Pl.'s Mot. for Summ. J., Notice of Lien; Doc. 41, Ex. 1 to Def.'s Mot. for Summ. J., Pl.'s Dep., pp. 21-22.

[6]    See Doc. 41, Ex. 1 to Def.'s Mot. for Summ. J., Pl.'s Dep. pp. 44-45; Doc. 68-11, Ex. K to Def.'s Resp. to Pl.'s Mot. for Summ. J., Letter to Pl. Dated Jan. 19, 2011 ¶ 2.

Defendant denied the two-month extension and instead granted Plaintiff an extension for the November 2011 payment. It also required Plaintiff to pay the unpaid October 2011 payment in full before the agreement would be valid.[7] The Extension Agreement ("EA") between Plaintiff and Defendant had the following terms: (1) the EA covered the November 2011 payment; (2) the due date for the November 2011 payment was moved from November 6, 2011, to January 6, 2011; (3) the EA had to be signed and returned to Defendant by November 23, 2011; and (4) the EA had to be returned with a check for the amount of the October 2011 payment, which, at the time, was at least thirty days past due.[8] Before sending back the EA, Plaintiff made the following changes to the EA: (1) added "Nov + Dec" next to "Oct pmt;" and (2) changed the "Will Be Due On:" date for the next payment from December 6, 2011, to January 6, 2011. Plaintiff sent the modified EA to Defendant on December 19, 2011.[9]

On December 20, 2011, in response to the altered EA sent without a payment, Defendant sent a "Notice of Incomplete Request" stating that Defendant was unable to process the EA because it was

---

[7]   See Doc. 68-11, Ex. K to Def.'s Resp. to Pl.'s Mot. for Summ. J., Letter to Pl. Dated Jan. 19, 2011; Doc. 68-4, Ex. D to Def.'s Resp. to Pl.'s Mot. for Summ. J., Sales Contract p. 2; Doc. 40-1, Ex. 2 to Def.'s Mot. for Summ. J., Sales Contract p. 2.

[8]   See Doc. 68-6, Ex. F to Def.'s Resp. to Pl.'s Mot. for Summ. J., Pl.'s Account History; Doc. 68-7, Ex. G to Def.'s Resp. To Pl.'s Mot. for Summ. J., Altered Extension Agreement; Doc. 68-12, Ex. L to Def.'s Resp. to Pl.'s Mot. for Summ. J., Letter to Pl. Dated Jan. 25, 2012 ¶ 4.

[9]   See id.; Doc. 41, Ex. 1 to Def.'s Mot. for Summ. J., Pl.'s Dep. p. 53.

altered.[10]  The letter included another EA with the original terms, as well as a condition that the EA had to be signed and returned to Defendant by January 3, 2012.[11]  On December 29, 2011, Plaintiff sent Defendant a signed EA that expired on November 23, 2011, without including a payment.[12]

On January 6, 2012, Plaintiff attempted to make an online payment to Defendant in the amount of $462.44.[13]  Based on how the website posted payments, the payment was credited on January 8, 2012.[14]  The payment was thus received after the EA's January 6, 2011 expiration date.[15]

Because the EAs were not returned to Defendant by their respective due dates and because Plaintiff failed to remit the October payment check of $462.44, Defendant assigned the Vehicle

---

[10]   See Doc. 68-8, Ex. H to Def.'s Resp. to Pl.'s Mot. for Summ. J., Letter to Pl. Dated Dec. 20, 2011 ¶¶ 1-2; Doc. 41, Ex. 1 to Def.'s Mot. for Summ. J., Pl. Davis' Dep. p. 51.

[11]   See Doc. 68-8, Ex. H to Def.'s Resp. to Pl.'s Mot. for Summ. J., Letter to Pl. Dated Dec. 20, 2012 ¶¶ 1-2; see Doc. 68-11, Ex. K to Def.'s Resp. to Pl.'s Mot. for Summ. J., Letter to Pl. Dated Jan. 19, 2012 ¶ 3; Doc. 41, Ex. 1 to Def's Mot. for Summ. J., Pl.'s Dep. pp. 47-48.

[12]   See Doc. 68-9, Ex. I to Def.'s Resp. to Pl.'s Mot. for Summ. J., Extension Agreement Signed Dec. 29, 2011; Doc. 68-11, Ex. K to Def.'s Resp. to Pl.'s Mot. for Summ. J., Letter to Pl. Dated Jan. 19, 2012 ¶¶ 3-4; Doc. 41, Ex. 1 to Def.'s Mot. for Summ. J., Pl.'s Dep. pp. 54-55.

[13]   See Doc. 68-11, Ex. K to Def.'s Resp. to Pl.'s Mot. for Summ. J., Letter to Pl. Dated Jan. 19, 2012 ¶ 5; Doc. 68-12, Ex. L to Def.'s Resp. to Pl.'s Mot. for Summ. J., Letter to Pl. Dated Jan. 25, 2012 ¶ 8; Doc. 41, Ex. 1 to Def.'s Mot. for Summ. J., Pl.'s Dep. p. 54.

[14]   See Doc. 68-11, Ex. K to Def.'s Resp. to Pl.'s Mot. for Summ. J., Letter to Pl. Dated Jan. 19, 2012 ¶ 5; Doc. 68-12, Ex. L to Def.'s Resp. to Pl.'s Mot. for Summ. J., Letter to Pl. Dated Jan. 25, 2012 ¶ 8.

[15]   See Doc. 68-11, Ex. K to Def.'s Resp. to Pl.'s Mot. for Summ. J., Letter to Pl. Dated Jan. 25, 2012 ¶ 5.

for repossession on January 7, 2012.[16]  The Vehicle was repossessed on January 9, 2012.[17]

During the repossession,[18] Plaintiff asked the repossession agent to allow her access to the Vehicle to retrieve items inside.[19] The repossession agent refused and continued to hook up the Vehicle.  Plaintiff tried to access the trunk during this process, which resulted in her being lifted up with the Vehicle as it was about to be towed.[20]  Plaintiff jumped down from the Vehicle and injured her ankle.[21]  When Plaintiff saw the Vehicle after the repossession, several of the Vehicle's parts were either different or damaged.[22]

Plaintiff sent a letter to Defendant on January 17, 2012, demanding a new Toyota Camry as relief for what she considered to be a wrongful repossession.[23]  In response, Defendant sent a letter to Plaintiff dated January 19, 2011, that related the chronology of all correspondence and payments from November 4, 2011, to January

---

[16]   See id.

[17]   See id.

[18]   The only evidence in the record as to what happened during the repossession are statements Plaintiff made during her deposition.

[19]   Doc. 68-3, Ex. C to Def.'s Resp. to Pl.'s Mot. for Summ. J., Pl.'s Dep. p. 109.

[20]   Id.

[21]   Id. p. 111.

[22]   Id. p. 113.

[23]   Id. pp. 92-93.

17, 2012.[24]  It stated that any claims regarding the behavior of the repossession agent should be directed at the repossession company.[25] Also, the letter offered to reinstate the loan if Plaintiff paid $2,313.12 in past due payments and repossession fees by January 30, 2012.[26]  The letter further stated that, if the loan was not reinstated by the aforementioned date, the car would be sold at a private auction.[27]

## B.  <u>Procedural Background</u>

On January 30, 2012, Plaintiff instituted the present suit against Defendant and CWAAR[28] on the basis of diversity jurisdiction.[29]  In her original complaint, Plaintiff alleged five causes of action: (1) conversion of the Vehicle and its contents; (2) breach of the peace during the repossession; (3) several violations of the DTPA; (4) breach of contract; and (5) violations of the Consumer Protection Act.[30]  Defendant and CWAAR filed answers to Plaintiff's original complaint shortly thereafter.[31]  Defendant

---

[24]   <u>See</u> Doc. 68-11, Ex. K to Def.'s Resp. to Pl.'s Mot. for Summ. J., Letter to Pl. Dated Jan. 25, 2012 ¶¶ 1-5.

[25]   <u>See</u> <u>id.</u> ¶¶ 6-7.

[26]   <u>See</u> <u>id.</u> ¶ 8.

[27]   <u>See</u> <u>id.</u>

[28]   CWARR was later dismissed.  <u>See</u> Doc. 28, Order Dated July 27, 2012.

[29]   <u>See</u> Doc. 1, Pl.'s Compl.

[30]   <u>See</u> 15 U.S.C. § 1601.

[31]   <u>See</u> Doc. 9, Def.'s Answer to Pl.'s Compl.; <u>see</u> Doc. 12, Def.'s Answer to Pl.'s Compl.

counterclaimed with two causes of action: (1) breach of contract; and (2) assertion of a groundless DTPA claim, warranting payment of attorneys' fees.[32]

Defendant filed a motion for summary judgment on October 25, 2012.[33] On January 25, 2013, Plaintiff filed a motion for summary judgment and an amended complaint.[34] With leave of court, Plaintiff amended her original complaint to clarify her alleged causes of action: (1) breach of contract; (2) conversion of the Vehicle and its contents; (3) fraud in the inducement under the DTPA; and (4) breach of the peace during the repossession.[35]

The court issued a memorandum and recommendation on August 14, 2013, recommending that Plaintiff's motion for summary judgment be denied and Defendant's motion for summary judgment be granted as to the breach of contract, conversion, and DTPA claims and denied as to the breach of peace the claim.[36] The memorandum and recommendation was adopted on September 6, 2013.[37]

On September 30, 2013, Plaintiff filed the pending motion to

---

[32]   See Doc. 26, Def.'s Countercls.

[33]   See Doc. 39, Mot. for Leave of Ct.; Doc. 40, Def.'s Mot. for Summ. J.; Doc. 58, Order Dated Nov. 30, 2012.

[34]   See id.; Doc. 63, Pl.'s Mot. for Summ. J.; Doc. 64, Pl.'s Am. Compl.

[35]   See Doc. 64, Pl.'s Am. Compl.; Doc. 58, Order Dated November 30, 2012.

[36]   See Doc. 81, Order Dated Aug. 14, 2013.

[37]   See Doc. 83, Order Dated Sept. 6, 2013.

stay proceedings.[38]  Defendant filed the pending motion to dismiss and motion for summary judgment on January 15, 2013.[39]  Plaintiff filed the pending motion for entry of final judgment on January 22, 2014.[40]  On February 1, 2014, Plaintiff moved to strike Defendant's motion to dismiss and motion for summary judgment.[41]  On the same day, Plaintiff sought sanctions against Defendant for filing the earlier motions.[42]  On March 7, 2014, Plaintiff filed the pending motion to transfer and a request for the grant of an interlocutory appeal.[43]

## II. Plaintiff's Motions

### A.  <u>Motion to Stay</u>

On August 14, 2013, the court entered a memorandum and recommendation based on both parties' motions for summary judgment.[44]  With respect to Plaintiff's motion for summary judgment on the breach of the peace claim, Defendant requested that the court "defer" this claim pursuant to Federal Rule of Civil Procedure ("Rule") 56(d) until the repossession firm could be made

---

[38]   <u>See</u> Doc. 90, Pl.'s Mot. to Stay Proceedings.

[39]   <u>See</u> Doc. 97, Def.'s Mot. for Summ. J; Doc. 98, Def.'s Mot. to Dismiss.

[40]   <u>See</u> Doc. 100, Pl.'s Mot. for Entry of Final J.

[41]   <u>See</u> Doc. 101, Pl.'s Mot. to Strike Def.'s Mot. for Summ. J. & Mot. to Dismiss.

[42]   <u>See</u> Doc. 102, Pl.'s Mot. for Sanctions.

[43]   <u>See</u> Doc. 108, Pl.'s Mot. to Transfer & Req. for Interlocutory Appeal.

[44]   <u>See</u> Doc. 81, Mem. & Recommendation Dated Aug. 14, 2013.

a party to the suit, as Defendant believed that it could not be held responsible for that firm's actions.[45]   The court, citing a 1992 Supreme Court of Texas case, disagreed.[46]   The court recommended allowing Defendant twenty days to supplement discovery with the repossession agent's deposition.[47]

Although Plaintiff objected to the court's Memorandum and Recommendation, she failed to specifically object to the court's grant of twenty days to depose the repossession agent and, in the order adopting the memorandum and recommendation, the court allowed Defendant twenty days to supplement its discovery with the deposition.[48]

On September 26, 2013, Defendant filed for an extension of time for the deposition on the grounds that it needed additional time within which to locate the repossession agent and serve him with a subpoena commanding his attendance at a deposition.[49]   This motion was granted on September 27, 2013.[50]

On September 30, 2013, Plaintiff filed a motion to stay on the grounds that Defendant should not be entitled to additional

---

[45]   See id. pp. 17-22.

[46]   See id. p. 19.

[47]   See id. p. 22.

[48]   See Doc. 82, Pl.'s Objections to Mem. & Recommendation; Doc. 83, Order Dated Sept. 6, 2013.

[49]   See Doc. 84, Def.'s Mot. for Extension of Time.

[50]   See Doc. 89, Order Dated Sept. 27, 2013.

discovery.[51]  She also argued that she had filed a notice of appeal to the court's order adopting the memorandum and recommendation and the case should be stayed until her appeal had been resolved.[52]

Plaintiff's objection to the grant of additional discovery in the court's memorandum and recommendation was due within fourteen days of receipt of the memorandum and recommendation.  See Fed. R. Civ. P. 72(b).  Plaintiff failed to object within this time period. Moreover, an objection to an unfavorable discovery ruling from a magistrate judge may be sustained only to the extent that the magistrate judge's ruling is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a).  Plaintiff fails to make such a showing.  Accordingly, her motion to stay (Doc. 90) is **DENIED**.

**B.   Motion for Entry of Final Judgment**

Plaintiff also filed a "motion for entry of final judgment," in which she states that "there is no party defendant to this suit for which claims are pending."[53]  In this two-page motion, Plaintiff notes that CWAAR had been dismissed from the suit and that Toyota Financial Services and Toyota Motor Credit have been found to be the same entity.[54]  Plaintiff concludes her request for an immediate appeal by stating, "Therefore, there is no party defendant to this

---

[51]     See Doc. 90, Pl.'s Mot. to Stay.

[52]     See id. p. 4.  Plaintiff's appeal was dismissed shortly thereafter.

[53]     See Doc. 100, Pl.'s Mot. for Entry of Final J. p. 2.

[54]     See id. pp. 1-2.

suit for which claims are pending."[55]

At a hearing subsequent to Plaintiff's filing this motion, the court asked Plaintiff if she intended to continue to pursue her breach of the peace claim.  Plaintiff answered in the affirmative. Accordingly, the court **RECOMMENDS** that Plaintiff's motion for entry of final judgment (Doc. 100) be **DENIED**.

**C.   <u>Motion to Strike</u>**

On January 15, 2014, Defendant filed a motion for summary judgment and motion to dismiss for lack of subject matter jurisdiction.  On February 1, 2014, Plaintiff moved to strike the motions on several grounds, arguing that Defendant is relitigating issues "which have been dealt with during summary judgment or some other hearing."[56]  As the motion fails to raise a procedural bar to the court's consideration of Defendant's motions, the court will consider Plaintiff's legal arguments raised in this motion when addressing the merits of Defendant's dispositive motions. Plaintiff's motion to strike (Doc. 101) is **DENIED**.

**D.   <u>Motion for Sanctions</u>**

Plaintiff also moves for sanctions on the basis that Defendant's pending motions were filed solely to harass or cause

---

[55]    <u>See</u> <u>id.</u> at 2.

[56]    <u>See</u> Doc. 101, Pl.'s Mot. to Strike Def.'s Mot. for Summ. J. & Mot. to Dismiss p. 1.

11

unnecessary delay or needlessly increase litigation costs.[57]   In support of this contention, Plaintiff simply asserts that Defendant's "claims or contentions are not warranted by existing law," without citing to legal support in her favor.[58]  Plaintiff's motion (Doc. 102) is **DENIED**.

**E.   Motion to Transfer and Request for Grant of Interlocutory Appeal**

Lastly, Plaintiff filed an "Objection to Recommendation or Orders of Magistrate[;] Motion to Transfer Case Back to Referring Court[;] Request for Grant of Interlocutory Appeal."   As to Plaintiff's request that the case be transferred, the motion (Doc. 108) is **DENIED**; this case remains assigned to Judge Lake.

Plaintiff seeks a final judgment as to her claims for breach of contract, conversion, and fraud in the inducement.  Rule 54(b) provides that "[w]hen an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The Fifth Circuit has instructed that this rule "reflects a balancing of two policies: avoiding the 'danger of hardship or injustice through delay which would be alleviated by immediate appeal' and 'avoid[ing] piecemeal appeals.'"  <u>Eldredge v.</u>

---

[57]   <u>See</u> Doc. 102, Pl.'s Mot. for Sanctions p. 2.

[58]   <u>Id.</u>

<u>Martin Marietta Corp.</u>, 207 F.3d 737, 740 (5th Cir. 2000) (alteration
in original) (quoting <u>PYCA Indus. v. Harrison Cnty. Waste Water
Mgmt. Dist.</u>, 81 F.3d 1412, 1421 (5th Cir. 1996).  "A district court
should grant certification only when there exists some danger of
hardship or injustice through delay which would be alleviated by
immediate appeal; it should not be entered routinely as a courtesy
to counsel."  <u>PYCA Indus.</u>, 81 F.3d at 1421.

The court finds that Plaintiff has not shown that there exists
a danger of hardship or injustice through delay of entering a final
judgment.  Accordingly, as to Plaintiff's request that a final
judgment be entered, the court **RECOMMENDS** that Plaintiff's motion
(Doc. 108) be **DENIED.**

### III.  Defendant's Motion to Dismiss

Defendant moves to dismiss pursuant to Rule 12(b)(1) on the
ground that this court lacks subject matter jurisdiction.
Specifically, Defendant argues that the amount-in-controversy
requirement of 28 U.S.C. § 1332 has not been met.

"Federal courts are courts of limited jurisdiction" and may
exercise jurisdiction over cases only as authorized by the United
States Constitution and the jurisdictional statutes.  <u>Kokkonen v.
Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994); <u>see also
Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 916 (5th Cir. 2001).
Here, Plaintiff brought this lawsuit pursuant to 28 U.S.C. § 1332,
which confers federal diversity jurisdiction on civil actions where

13

the matter in controversy exceeds the sum or value of $75,000.

As the party invoking federal diversity jurisdiction, Plaintiff bears the burden of establishing the amount in controversy by a preponderance of the evidence. Hartford Ins. Group v. Lou-Con, Inc., 293 F.3d 908, 910 (5th Cir. 2002). In considering whether Plaintiff has met this burden, the court must engage in a two-step process: first, it must examine the complaint to determine whether it is "facially apparent" that the claims exceed the jurisdictional amount; second, if it is not facially apparent, the court may turn to "summary judgment-type" evidence to aid in its inquiry. See id. Jurisdictional facts "must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached." St. Paul Reins. Co., Ltd. v. Greenberg, 134 F.3d 1250, 1253-54 (5th Cir. 1998).

A court determines if the amount in controversy is facially apparent by examining the complaint and ascertaining whether the amount in controversy is "likely" to exceed $75,000. See Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995). In conducting this analysis, the court may refer to the types of claims alleged by the plaintiff and the nature of the damages sought. See id.

Defendant avers that Plaintiff failed to plead the jurisdictional minimum in her original complaint. There, Plaintiff

14

alleged that her damages exceeded $75,000 and in a few instances alleged specific dollar figures.[59]   Based on her causes of action for breach of contract, conversion, fraud in the inducement, and breach of the peace, she alleged damages for personal injury, property loss, loss of business, transportation costs, loss of reputation, humiliation, attorney's fees, and treble damages for mental anguish under the DTPA.[60]   The court finds that it is facially apparent that these claims exceeded $75,000 at the time this lawsuit was filed.

Defendant further contends that this court lacks jurisdiction because Plaintiff's only remaining claim, for breach of the peace, could not exceed $75,000.  Defendant misapprehends the law, as the amount in controversy is judged at the time the complaint is filed. See Greenberg, 134 F.3d at 1253-54.   A court with diversity jurisdiction over a case retains jurisdiction "even if . . . the amount in controversy falls below the jurisdictional amount." Hensgens v. Deere & Co., 833 F.2d 1179, 1180 (5th Cir. 1987).[61]

---

[59]   For example, Plaintiff alleged $50,000 in damages for humiliation, mental pain, and suffering and $1,000,000 in damages for loss of reputation.  See Doc. 1, Pl.'s Orig. Compl. p. 5.

[60]   See Doc. 64, Pl.'s Am. Compl.

[61]   The Fourth Circuit and District of Columbia Circuit have taken the position that, in cases founded on diversity jurisdiction, if dismissal of some claims has the effect of bringing the aggregate amount in controversy below the jurisdictional amount, then the court has only supplemental jurisdiction over the remaining claim(s) and it must exercise its discretion as directed by 28 U.S.C. § 1367(c) in deciding whether to retain the remaining claim(s) or dismiss them. See Stevenson v. Severs, 158 F.3d 1332, 1334 (D.C. Cir. 1998); Shanaghan v. Cahill, 58 F.3d 106 (4th Cir. 1995).   The Second and Seventh Circuits have disagreed with this approach, finding that "aggregated claims of a single plaintiff do not fit the supplemental jurisdiction model."  Carter v. Tennant

Therefore, the court **RECOMMENDS** that Defendant's motion to dismiss (Doc. 98) be **DENIED**.

### IV.   Defendant's Motion for Summary Judgment

### A.   Legal Standard

Summary judgment is warranted when the evidence reveals that no genuine dispute exists regarding any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. V. Catrett, 477 U.S. 317, 322 (1986); Brown v. City of Houston, Tex., 337 F.3d 539, 540-41 (5th Cir. 2003).  A material fact is a fact that is identified by applicable substantive law as critical to the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Ameristar Jet Charter, Inc. V. Signal Composites, Inc., 271 F.3d 624, 626 (5th Cir. 2001).  To be genuine, the dispute regarding a material fact must be supported by evidence such that a reasonable jury could resolve the issue in favor of either party.  Anderson, 477 U.S. at 250; TIG Ins. Co. v. Sedgewick James of Wash., 276 F.3d 754, 759 (5th Cir. 2002).

---

Co., 383 F.3d 673, 680-81 (7th Cir. 2004); see also Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc., 166 F.3d 59, 62 (2d Cir. 1999).  The Fifth Circuit has not squarely addressed the issue, but has made clear that the amount in controversy at the time the suit is filed controls jurisdiction.  See, e.g., Garza v. Rodriguez, 559 F.2d 259, 260 (5th Cir. 1977).  Where the Fifth Circuit has so stated, it has not suggested that a court has only supplemental jurisdiction when the amount in controversy falls below the jurisdictional amount.  In the absence of such guidance from a higher court, and given the persuasive reasoning of the Second and Seventh Circuits, the court finds that it does not have discretion to dismiss the remaining claim pursuant to 28 U.S.C. § 1367(c).

The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions or affidavits that demonstrate the absence of genuine factual issues.  Celotex Corp., 477 U.S. at 323; Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992).  If the moving party can show that the facts are not in dispute, the party opposing summary judgment must go beyond the pleadings and proffer evidence demonstrating that genuine issues of material fact do exist that must be resolved at trial.  See Celotex Corp., 477 U.S. at 324.

When considering the evidence, "[d]oubts are to be resolved in favor of the nonmoving party, and any reasonable inferences are to be drawn in favor of that party."  Evans v. City of Houston, 246 F.3d 344, 348 (5th Cir. 2001); see also Boston Old Colony Ins. Co. v. Tiner Assocs. Inc., 288 F.3d 222, 227 (5th Cir. 2002).  The court should not "weigh evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence."  Honore v. Douglas, 833 F.2d 565, 567 (5th Cir. 1987).

**B.   Plaintiff's Claim for Breach of the Peace**

Plaintiff's sole remaining claim is for breach of the peace under Article 9 of the Texas Uniform Commercial Code, which provides that, after default, a secured party may take possession of collateral without judicial process, "if it proceeds without breach of the peace."  Tex. Bus. & Comm. Code § 9.609.  Defendant

17

contends that Plaintiff cannot demonstrate that she suffered damages related to her breach of the peace claim. Defendant relies on cases which hold that a debtor's damages for wrongful repossession are limited to the debtor's equity in the property. See Fair Deal Auto Sales v. Brantley, 24 S.W.3d 543, 546 (Tex. App.—Houston [1st Dist.] 2000, no pet.) (citing Ford Motor Credit Co. v. Garcia, 595 S.W.2d 602, 605 (Tex. Civ. App.—Waco 1980, no writ).

These cases, however, do not address what damages may be recovered based on a secured party's breach of the peace in connection with taking possession of collateral. Such damages are "those reasonably calculated to put an eligible claimant in the position that it would have occupied had no violation occurred." Tex. Bus. & Comm. Code § 9.625, cmt. 3. The statute makes clear that actual damages may be recovered, which includes recovery for personal injuries. See id.; see also Price Auto Sales, Inc. v. Sanders, 2012 WL 3734388, (Tex. App.—Dallas 2012, no pet) (unpublished) (affirming trial court's award of damages for personal injury sustained during the repossession of a vehicle where the repossession agent committed a breach of the peace). Accordingly, the court **RECOMMENDS** that Defendant's motion for summary judgment on Plaintiff's breach of the peace claim (Doc. 97) be **DENIED.**

C.     **Defendant's Claim for Attorneys' Fees and Costs**

Defendant contends that it is entitled to its attorneys' fees and costs pursuant to section 38.001 of the Texas Civil Practice and Remedies Code ("Section 38.001").   Section 38.001 permits recovery of reasonable attorneys' fees for claims based on a contract.   Tex. Civ. Prac. & Rem Code § 38.001(8) ("A person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for: . . . an oral or written contract."); see also G.R.A.V.I.T.Y. Enters., Inc. v. Reece Supply Co., 177 S.W.3d 537, 547 (Tex. App.–Dallas 2005, no pet.).

The general rule regarding the recovery of attorneys' fees in Texas is that fee claimants are "required to segregate fees between claims for which they are recoverable and claims for which they are not."   Tony Gullo Motors I, L.P. v. Chapa, 212 S.W.3d 299, 311 (Tex. 2006).   In Stewart Title Guaranty Co v. Sterling, the Texas Supreme Court recognized that an "exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof or denial of essentially the same facts."   Sterling, 822 S.W.2d 1, 11 (Tex. 1991) (citation and internal quotation marks omitted).   This exception was modified in Chapa, where the Texas Supreme Court held that "[i]ntertwined facts do not make tort fees recoverable; it is only when discrete legal services advance both a recoverable and

unrecoverable claim that they are so intertwined that they need to be aggregated." <u>Chapa</u>, 212 S.W.3d at 313-14.

The claims at issue in this case included Plaintiff's claims for conversion, breach of contract, fraud in the inducement, and breach of the beach, as well as Defendant's counterclaim for breach of contract.  Of these claims, Section 38.001 allows the recovery of attorneys' fees for only Defendant's breach of contract claim. Under <u>Chapa</u>, Defendant may also recover fees for legal services that advanced both this claim and an unrecoverable claim.

In support of its claim for attorneys' fees, Defendant presents the affidavit of its attorney, Anthony Sullivan ("Sullivan").  Sullivan states that he was hired "to defend the allegations in the suit and also prosecute a counterclaim on behalf of [Defendant]."[62]  Sullivan further states that, through December 31, 2013, Defendant incurred attorneys fees of $30,429.00.[63] However, Sullivan fails to allocate between recoverable and unrecoverable claims or demonstrate that the claims are interrelated such that they need not be segregated.  Given the absence of this evidence, the court **RECOMMENDS** that Defendant's motion for summary judgment on its claim for attorneys' fees (Doc. 97) be **DENIED.**

---

[62]   <u>See</u> Doc. 97-2, Ex. 2 to Def.'s Mot. for Summ. J. on Breach of Peace Claim, Sullivan's Aff. ¶ 3.

[63]   <u>See</u> <u>id.</u>  ¶ 8.

### IV.  Conclusion

Based on the foregoing, the court **RECOMMENDS** that Plaintiff's requests for an interlocutory appeal and final judgment be **DENIED**, **DENIES** the remainder of Plaintiff's motions, and **RECOMMENDS** that Defendant's motions be **DENIED**.  This case should be set for trial at the court's earliest convenience.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Rule 72(b) and General Order 2002-13.  Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically.  Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 31st  day of March, 2014.

Nancy K. Johnson
United States Magistrate Judge